# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| D.D. and K.D., on behalf of themselves and ) <br> their minor daughter, R.D., ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GARY COMMUNITY SCHOOL ) <br> CORPORATION, DONALD WINSTON ) <br> PENNINGTON, VERA BLOUNT, ) <br> and BAILLY MIDDLE SCHOOL, ) <br>     Defendants. ) | CAUSE NO.: 2:09-CV-78-JTM-PRC |

## FINDINGS, REPORT, AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [DE 24], filed by Defendants Gary Community School Corporation, Vera Blount, and Bailly Middle School (collectively "corporate Defendants") on June 29, 2009. On August 4, 2009, District Court Judge James T. Moody entered an Order [DE 27] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court convert to a motion for summary judgment in part, grant in part, and deny as moot in part the Motion to Dismiss, recommending that the District Court convert Part A of the Motion to Dismiss regarding notice under the Indiana Tort Claims Act to a motion for summary judgment, dismiss all claims against Bailly Middle School, and dismiss all claims against Vera Blount.

**PROCEDURAL BACKGROUND**

Plaintiffs D.D. and K.D. filed this lawsuit on March 27, 2009, on behalf of themselves and their minor daughter R.D. against the Gary Community School Corporation, Donald Winston Pennington, Vera Blount, and Bailly Middle School. In the Complaint, Plaintiffs allege that Donald Winston Pennington repeatedly molested R.D. during the period from December 1, 2006, through March 31, 2007. The Complaint provides generally that it is brought pursuant to 42 U.S.C. § 1983; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; Article 1 and Bill of Rights §§ 11 and 15 of the Indiana Constitution and alleges state law intentional tort claims of assault, battery, false arrest, trespass, and infliction of emotional damages and state law negligence claims based on negligent hiring, supervision, retention of employee officers, and infliction of emotional damages. Count I alleges a claim of negligence by Defendant Donald Winston Pennington; Count II alleges a claim of negligence by Defendants Gary Community School Corporation, Bailly Middle School, and Principal Vera Blount; Count III alleges a claim for violation of federal civil rights; and Count IV alleges a claim for K.D. and D.D.'s loss of love, care, and affection by and companionship of R.D., as well as emotional distress, mental anguish, and ongoing damages. The Complaint does not allege that Plaintiffs served the corporate Defendants with notice under the Indiana Tort Claims Act.

On June 29, 2009, the corporate Defendants filed the instant Motion to Dismiss Plaintiffs' Complaint. Plaintiffs filed a Response in opposition with exhibits on July 10, 2009. Defendants have not filed a reply, and the time to do so has passed. On July 24, 2009, Plaintiffs' Attorney Michael Back filed a "Notice to the Court of Notice of Tort Claim Service," asking the Court to take notice of a second Tort Claim Notice served on July 17, 2009, on Gary Community School Corporation, Bailly Middle School, and Vera Blount.

# RULE 12(B)(6) STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hecker v. Deere & Co.*, 569 F.3d 708, 710-11 (7th Cir. 2009).[1] The Court accepts as true all of the factual allegations contained in the complaint and views the factual allegations in a light most favorable to the plaintiff. *See Ashcroft*, --- U.S. at ---, 129 S.Ct. at 1949.

# DISCUSSION

The corporate Defendants seek dismissal of Plaintiff's Complaint, arguing that Plaintiffs' state law claims are barred as a result of Plaintiffs' failure to comply with the Indiana Tort Claims Act and that all claims against Bailly Middle School and Principal Vera Blount should be dismissed.

## A. Indiana Tort Claims Act

The corporate Defendants seek dismissal of Plaintiffs' tort claims in Count I, Count II, and Count IV on the basis that Plaintiffs did not serve them with notice under the Indiana Tort Claim Act ("ITCA"). The corporate Defendants assert that the Plaintiffs did not allege compliance with the Indiana Tort Claims Act in the Complaint, and they represent that Plaintiffs did not serve them with a notice of tort claim within the 180-day statutory period. Plaintiffs respond first that the notice requirements of the Indiana Tort Claims Act need not be pleaded and second that they did in fact serve the corporate Defendants with timely notice.

---

[1] Both parties fail to cite the United States Supreme Court's recent modification of the Rule 12(b)(6) standard in *Bell Atlantic v. Twombly* and its progeny.

As an initial matter, Defendants seek dismissal of Plaintiffs' state law claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although Indiana state courts describe the ITCA notice as jurisdictional in nature with respect to Indiana courts, *see Teague v. Boone*, 442 N.E.2d 1119, 1120 (Ind. Ct. App. 1982) (citing cases), Indiana law does not define the subject matter jurisdiction of federal courts; rather, whether the state law jurisdictional requirements have been met is a threshold inquiry for stating a claim under the state's substantive law. *See Doe v. Lance*, No. 3:95-CV-736-RLM, 1996 WL 663159, at * 5 (N.D. Ind. Oct. 30, 1996) (discussing the filing of an ITCA notice and holding that "Indiana law does not determine the subject-matter jurisdiction of the federal courts, but compliance with state jurisdictional requirements is a predicate for a state law claim"); *Wade v. South Bend Public Transp. Corp.*, S86-488, 1989 WL 516281, at * 2 n. 1 (N.D. Ind. May 16, 1989) (same); *see also Meng v. IU Bd. of Trs.*, No. 1:06-CV-1550, 2007 WL 1877980, at * 3-4 (S.D. Ind. June 27, 2007) (dismissing state claims under Rule 12(b)(6) for failure to file a timely tort claims notice). This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state law claims pursuant 28 U.S.C. § 1367(a). Therefore, the Court considers the motion under Rule 12(b)(6).

The ITCA requires, as a prerequisite to a tort action, that notice to a political subdivision be filed within 180 days of the occurrence of the loss:

> Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:
> (1) the governing body of that political subdivision; and
> (2) the Indiana political subdivision risk management commission created under IC 27-1-29; within one hundred eight (180) days after the loss occurs.

Ind. Code § 34-13-3-8. Under the ITCA, notice "must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought

4

about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and the time of filing the notice." *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 876 (7th Cir. 2003) (quoting Ind. Code § 34-13-3-10; citing *LCEOC, Inc. v. Greer*, 699 N.E.2d 763, 767 (Ind. Ct. App. 1998)). "A governmental entity's immunity from liability under the ITCA is a question of law for the court." *Id*. at 875 (citing *City of Anderson v. Davis*, 743 N.E.2d 359, 362 (Ind. Ct. App. 2001)). The Gary Community School Corporation falls within the definition of a political subdivision of the State of Indiana. *See* Ind. Code § 34-6-2-110(9); *see also Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d 233, 241 (Ind. Ct. App.1999) ("Claims against school corporations and their employees are subject to the Indiana Tort Claims Act notice of claims provisions.").

In response to the Motion to Dismiss, Plaintiffs first argue that the burden is on Defendants to demonstrate that Plaintiffs did not comply with the notice requirement. However, "[c]ompliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial." *Alexander*, 256 F. Supp. 2d at 875 (quoting *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999)). "Once a defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." *Id*. (same).

Plaintiffs also represent in the response brief that their Attorney, Eric Oden Clark, prepared and served a Tort Claim Notice on the school corporation in a "timely fashion." In support, Plaintiffs submit various documents not originally filed with the Complaint. Exhibit A to the response brief is the Affidavit of Attorney Clark, dated July 10, 2009, in which Attorney Clark

testifies that on June 5, 2007, he prepared an Indiana Tort Claim Notice on behalf of Plaintiffs and that his office served the notice on Defendant Gary Community School Corporation. To his Affidavit, he attaches a copy of the Tort Claim Notice that he prepared and served, a copy of the Certified Mail Receipt for service of the Tort Claim Notice on the Gary School Corporation, and the tracking record printed from the United States Postal Service website for that Certified Mail Receipt number.[2] The factual statements in the attached Tort Claim Notice mirror the allegations in the Complaint filed in this matter; the Certified Mail Receipt is dated June 5, 2007, and is addressed to the "School City Gary;" and the "Track & Confirm" record from the United States Postal Service shows delivery on June 6, 2007, in Gary, Indiana, of the item identified by the tracking number located on the Certified Mail Receipt. The corporate Defendants did not file a reply brief and thus have not responded to these documents.

Federal Rule of Civil Procedure 12(d) provides that a motion to dismiss pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The decision whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Having reviewed the evidence and the arguments, the Court recommends that the District Court convert the 12(b)(6) Motion to Dismiss into a motion for summary judgment on the basis that the documents submitted appear to demonstrate that Plaintiffs served timely notice on the Gary Community School Corporation. The Court further recommends that, pursuant to Rule 12(d), the District Court provide the parties a reasonable opportunity to present all the material that is pertinent to the motion.

---

[2] The Tort Claim Notice, the Certified Mail Receipt, and the Track & Confirm printout are also submitted individually as Exhibits B, C, D respectively to Plaintiffs' response brief.

Finally, the Court notes that Plaintiffs' Attorney Michael W. Back filed a "Notice to the Court of Notice of Tort Claim Service" on July 24, 2009. Therein, Attorney Back asks the Court to "take notice" that the Plaintiffs served a second Tort Claim Notice on Gary Community School Corporation, Bailly Middle School, and Vera Blount on July 17, 2009. To the extent Plaintiffs ask the Court to take judicial notice under Federal Rule of Evidence 201, the Court finds that the notice does not meet the requirements of the rule and recommends that the District Court decline to take judicial notice of the July 17, 2009 service. More importantly, to the extent Attorney Back is attempting to provide additional evidence in opposition to the pending Motion to Dismiss, any such notice is untimely if related to the alleged events that occurred between December 1, 2006, and March 31, 2007, but not served until July 17, 2009. The statute requires that notice be served within 180 days of the alleged tortious conduct. Ind. Code § 34-13-3-8.

### B. Claims Against Bailly Middle School and Principal Vera Blount

The corporate Defendants also seek to dismiss all claims in the Complaint against Bailly Middle School and Principal Vera Blount. The Court considers each in turn.

First, the corporate Defendants seek dismissal of all claims against Bailly Middle School, arguing that the school is not a proper party to the suit. In response, Plaintiffs agree that Bailly Middle School is not a proper defendant but argue, without citation to law, that it should remain a defendant in this matter on the basis that discovery has not yet occurred. Under Indiana law, Bailly Middle School is not a legal entity with the capacity to be sued. *See Turpin v. Good*, No. 1:07-CV-1205, 2008 WL 258817, at * 1 (S.D. Ind. Jan. 25, 2008) (citing *Brownsburg Cmty. Sch. Corp. v. Natare Corp.*, 824 N.E.2d 336, 344-45 (Ind. 2005)); *see also Brownsburg Cmty. Sch. Corp. v. Natare Corp.*, 808 N.E.2d 148, 152-53 (Ind. Ct. App. 2004), *rev'd on other grounds*, *Brownsburg*

*Cmty. Sch.*, 824 N.E.2d 336; Ind. Code § 20-4-1-26.1. Accordingly, the Court recommends that the District Court dismiss Defendant Bailly Middle School.

Second, the corporate Defendants argue that the claims against Vera Blount in her official capacity as the principal of Bailly Middle School should be dismissed on the basis that an official capacity suit constitutes a suit against the governmental entity–in this case the Gary Community School Corporation. Plaintiffs respond, again without citation to law, that, even though Ms. Blount is being sued only in her official capacity, she should remain a defendant, as with Bailly Middle School, on the basis that discovery has not yet occurred. Pl. Br., p. 3. Because the federal § 1983 and Title IX claims for monetary damages against Vera Blount in her official capacity are really a suit against the Gary Community School Corporation, because Plaintiffs have named the Gary Community School Corporation in the Complaint, and because the allegations against Vera Blunt in her official capacity and the Gary Community School Corporation are identical, naming both Vera Blunt in her official capacity and the Gary Community School Corporation as defendants is redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that official capacity suits brought against individuals are "another way of pleading an action against an entity of which an officer is an agent"); *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (§ 1983); *Franklin v. Zaruba*, 150 F.3d 682, 684 n. 2 (7th Cir. 1998) (§ 1983); *Smith v. Metro. Sch. Dist. Perry Tp.*, 128 F.3d 1014, 1021 n. 3 (7th Cir. 1997) (Title IX). Accordingly, the Court recommends that the District Court dismiss the federal claims against Vera Blount in her official capacity. *See, e.g.*, *Comer v. Hous. Auth. of City of Gary, Ind.*, 615 F. Supp. 2d 785, 789-90 (N.D. Ind. 2009); *Roger C. ex rel. Gilbert v. Valley View Public Sch. Dist. #365-U*, No. 08 C 1254, 2008 WL 4866353, * 11 (N.D. Ill.

June 23, 2008); *Weyrick v. New Albany-Floyd County Consol. Sch. Corp.*, No. 4:03-CV–0095, 2004 WL 3059793, at * 11 (S.D. Ind. Dec. 23, 2004).

In addition, Principal Vera Blount is not a proper defendant to Plaintiffs' state law claims. Under Indiana Code § 34-13-3-5(b), a lawsuit by the claimant against an employee individually is barred when the complaint, as in this case, alleges that the employee acted within the scope of her employment. *See Morgan v. Snider High Sch.*, No. 1:06-CV-337, 2007 WL 3124524, at * 12 (N.D. Ind. Oct. 23, 2007) (citing Ind. Code § 34-13-3-5(a)); *Davis v. City of Greenwood, Ind.*, No. IP00-0527-C-M/S, 2000 WL 33309745, at * 4 (S.D. Ind. Nov. 14, 2000) (citing former Ind. Code § 34-13-3-5(a), now found at § 34-13-3-5(b)) (holding that the only proper party to state law claims arising from an employee's tortious conduct is the governmental entity itself). Accordingly, the Court recommends that the District Court grant the Motion to Dismiss the state law claims against Vera Blount.

Finally, the corporate Defendants seek dismissal of any potential claims in the Complaint against Vera Blount in her individual capacity. In response, Plaintiffs concede that Ms. Blount is sued only in her official capacity. Thus, the Court recommends that the District Court deny as moot any claims against Ms. Blount in her individual capacity.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that District Court Judge Moody **CONVERT in part to a motion for summary judgment, GRANT in part**, and **DENY as moot in part** the Motion to Dismiss Plaintiff's Complaint [DE 24], dismissing all claims against Defendants Bailly Middle School and Vera Blount.

9

The Court recommends that Judge Moody (1) convert Part A of the Motion to Dismiss regarding notice under the Indiana Tort Claims Act to a motion for summary judgment, and, pursuant to Federal Rule of Civil Procedure 12(d), provide the parties with an opportunity to present all the material that is pertinent to the motion; (2) grant the Motion to Dismiss all claims against Defendant Bailly Middle School; (3) grant the Motion to Dismiss the § 1983 and Title IX official capacity claims against Defendant Vera Blount (Count III ); (4) grant the Motion to Dismiss all state law claims against Vera Blount (Counts I, II & IV); (5) deny as moot the Motion to Dismiss any claims against Vera Blount in her individual capacity.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 18th day of August, 2009.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record