UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

D.D. and K.D., on behalf of themselves )
and their minor daughter, R.D., )
    Plaintiffs )
     )
    v. )    2:09 CV 78 JM
     )
GARY COMMUNITY )
SCHOOL CORPORATION, *et al.*, )
    Defendants. )

## O R D E R

On August 6, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), FED. R. CIV. P. 72(b) and LOCAL RULE 72.1(d), the court designated Magistrate Judge Cherry to conduct any necessary hearings in order to make recommendations for the disposition of Defendants' Motion to Dismiss Plaintiffs' Complaint (DE # 24.) On August 19, 2009, Judge Cherry's written findings and recommendation were entered on the docket. (DE # 34.) Briefly stated, Judge Cherry recommended that: 1) Part A of the motion to dismiss be converted into a motion for summary judgment; 2) the motion be granted as to Bailly Middle School, dismissing all claims against it because it is not an entity capable of being sued; 3) the motion be granted as to claims under § 1983 and Title IX against Vera Blunt in her official capacity, due to Gary Community School Corporation's party status making those claims redundant; 4) the motion be granted as to all state law claims pleaded against Blunt; and 5) the motion be denied as to any individual-capacity claims

pleaded against Blunt, plaintiffs having conceded they named her in her official capacity only.

The defendants filed a document captioned "Response/Objections to Findings, Report and Recommendation of United States Magistrate Judge," along with a memorandum in support of that document. (DE # 37, DE # 38.) However, defendants' docket entries for both documents state that they are filed in support of the recommendations, not as an objection thereto, and the court finds no objections when reading either the response or the memorandum in support thereof. Instead, the response, as stated in the memorandum, appears to be provided in order to present "additional evidence in support of Part A of Defendants' Motion to Dismiss . . . based on Plaintiffs' failure to comply with the Indiana Tort Claims Act. Ironically, the provision of this evidence is an additional reason that the motion to dismiss should be converted to a motion for summary judgment, as recommended by Judge Cherry.

Plaintiffs filed a timely objection to Judge Cherry's written report, but only to a statement therein that any tort notice served on July 17, 2009, would be untimely as to any events occurring between December 1, 2006, and March 31, 2007. Plaintiffs point out that Ind. Code § 34-13-3-9 (incorrectly cited by plaintiffs as Ind. Code § 34-4-16.5-7) provides that any such notice would be timely due to the minor status of plaintiff K.D. Plaintiffs' objection is now **SUSTAINED**, and the court does not adopt the relevant portion of Judge Cherry's report. Otherwise, the court now **ADOPTS** Judge Cherry's written findings and recommendation.

Accordingly, defendants' motion to dismiss plaintiffs' complaint is:

1) **GRANTED IN PART**, in that all claims against Bailly Middle School, and all claims against Vera Blunt under § 1983 and Title IX in her official capacity, and all state law claims against her, are **DISMISSED**; 2) **DENIED IN PART** as moot regarding any individual-capacity claims against Blunt, none having been pleaded; and **3) TAKEN UNDER ADVISEMENT**, in that Part A of the motion is now converted into a motion for summary judgment pursuant to FED. R. CIV. P. 12(d). As to that summary judgment motion, pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), Fed. R. Civ. P. 72(b) and Local Rule 72.1(d), the court now designates Magistrate Judge Cherry to conduct any necessary hearings, including evidentiary hearings, in order to submit any required proposed findings of fact, and to make recommendations for the disposition thereof. In accordance with RULE 12(d), Judge Cherry will allow the parties a reasonable additional period of time to submit all materials pertinent to the motion, and may, in his discretion, request additional briefing.

**SO ORDERED.**

Date: September 28, 2009

 s/ James T. Moody\
JUDGE JAMES T. MOODY\
UNITED STATES DISTRICT COURT